IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-495
(3:11-cr-133)

| | | |
|---|---|---|
| RONALD THOMAS PARKER, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon consideration of Petitioner's Motion to

Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and the Government's Response in support,

(Doc. No. 3). For the reasons that follow, Petitioner's § 2255 motion will be granted.

I.      BACKGROUND

On July 17, 2006, Petitioner entered a plea of guilty, without benefit of a written plea

agreement, to possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. §

922(g)(1). (E.D.N.C. Case No. 5:06-cr-6). He was sentenced to sixty-three months'

imprisonment and three years' supervised release, and Judgment was entered on November 14,

2006. (Id., Doc. No. 24: Judgment at 2). Petitioner did not file an appeal.

Petitioner began his term of supervised release on December 14, 2010, and his

supervision was transferred to this district in May 2011. (Case No. 3:11-cr-133, Doc. No. 1:

Transfer of Jurisdiction).  After Petitioner was arrested for the second time for alleged violations

of his supervised release, (Id., Doc. No. 11: Petition and Warrant), his counsel filed the instant §

2255 motion August 8, 2012.  On August 28, 2012, the Court found him in violation of his

terms, revoked supervised release, and sentenced him to the time served with no further

supervision. (Id., Doc. No. 18: Revocation Judgment).

1

In the instant § 2255 motion, Petitioner contends that his original conviction under 18 U.S.C. § 922(g)(1) should be vacated based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) because his predicate North Carolina conviction for possessing cocaine did not subject him to a term of more than one year in prison. (Doc. No. 1: Motion at 1). The Government waives its statute of limitations defense and agrees that Petitioner's conviction should be vacated. (Doc. No. 3: Response at 1).

II.    STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that district courts are to examine a motion to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.3d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

Although the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one year statute of limitations period on motions to vacate, the Government may waive its affirmative defense to an untimely motion. Day v. McDonough, 547 U.S. 198, 210 n.11 (2006). Here, the Government waives its affirmative defense "in the interests of justice." (Doc. No. 3: Response at 3). Petitioner was serving a term of supervised release when he filed the instant motion, and the § 922(g)(1) conviction has continued consequences for him; therefore, the Court finds that the "case or controversy requirement" of Article III, § 2 of the Constitution is met. See Spencer v. Kemna, 523 U.S. 1, 7, 1998) (former prisoner must show "concrete and continuing

injury" to maintain habeas action following release from confinement). For this reason, and in light of the Government's waiver of the statute-of-limitations defense, the Court may consider the merits of Petitioner's claim.

In Simmons, the Fourth Circuit en banc held that in order for a prior North Carolina conviction to serve as a predicate felony offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243. That decision resulted from the court's application of the Supreme Court's holding in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant. In Simmons, the Fourth Circuit expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which previously held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." 649 F.3d at 243 (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Subsequently the Fourth Circuit found that the Supreme Court's decision in Carachuri announced a procedural rule not applicable to cases on collateral review. United States v. Powell, 691 F.3d 554, 559-60 (4th Cir. 2012). However, in Miller v. United States, 735 F.3d 141, 146 (4th Cir. 2013), the court announced that its decision in Simmons is a new rule of substantive criminal law because it "narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more

than one year in prison."  Therefore, it is retroactively applicable. Id.

Here, Petitioner and the Government agree that Petitioner's prior conviction could not have resulted in a sentence of more than one year in prison. (Doc. No. 1: Motion at 1; Doc. No. 3: Response at 5).  The combination of the Government's waiver of the statute of limitations and the Fourth Circuit's ruling in Miller compels vacatur of Petitioner's conviction in the circumstances of this case.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, (Doc. No. 1), his criminal judgment, (E.D.N.C. Case No. 5:06-cr-6, Doc. No. 24), and subsequent revocation judgment, (Case No. 3:11-cr-133, Doc. No. 18), is **GRANTED**.

The Clerk is directed to certify copies of this order to Petitioner, counsel for Petitioner, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: September 14, 2015

Robert J. Conrad, Jr.
United States District Judge